Caruthers, J.,
delivered the opinion of the Court.
The question in this case is, as to the proper mode of proceeding to procure the vacation, or recall, of the probate of the "Will of Jas. H. Raglan in common form in 1849, and have it re-propounded for probate in solemn form under an issue of devisavit vel non.
This Court, in the case of Cornwell vs. Cornwell, 11 Hump., 485, adopt as the most convenient and approved practice, that which is settled in North Carolina in the case of Harvey vs. Smith: 1 Dev. & Bat. L. R., 188 : according to which some party interested in the estate in case of intestacy, (for no others will be heard,) must present a petition to the County Court setting forth his interest, and the grounds upon which the contest is to be made. The Executor must be cited or summoned to appear and answer the petition. Upon the case thus presented, the County Court may either set aside the former probate, and send up the case to the Circuit Court for issue and trial, or refuse to do so. From their judgment, either party may appeal.
In the case before us, the petition was filed by the defendants, who wore proper parties, children of the deceased, at March Term, I860, of the County Court of Jackson, and set aside the probate. But the other party was not cited to appear. Properly concluding that this order of the Court was irregular, the parties did not take up the case to the Circuit Court under it, but filed *476 a more formal petition on the 17th May, 1860, to the June Term of the County Court, and caused subpoenas to be issued by the Clerk to the proper parties to appear and answer.
The parties did appear, and moved to dismiss the petition upon the single ground that the County Court then had no jurisdiction of the case, because it had, at the preceding March Term, set aside the original probate, and ordered the case to the Circuit Court for trial, taking proper bonds, &c., according to the Statute. The record to that effect was referred to and relied upon.
The Court overruled the motion, when an answer upon the merits was filed by Keith, and fro confesso taken against Craig. The Court then entered a formal order setting aside the probate, and ordering the case to the Circuit Court. From this order the appeal was taken, and the whole case went up.
In the Circuit Court at the first Term, the appellants moved the Court to “dismiss this cause, and strike it from the docket, because the petition before the County Court to contest the same was not sworn to, and because the County Court had no jurisdiction of the cause at the time, as the probate in common form had been set aside at the March Term, preceding. And further, to quash and dismiss said proceedings, because there was no ground shown in said petition, to contest said Will, and because the contestants did not give bond as required by law, in the County Court, or offer to do- so.”
To remedy the last difficulty, bond was then given. Of the various grounds assumed in support of the motion, the first is mainly relied upon, viz: That the petition to the County Court was not verified by affidavit.
*477 We have no 'express decision on this point, and our Act of 1835, and the Code, are silent on the subject. But in North Carolina it seems to have been held in two cases, that such petitions must be accompanied with an affidavit: 2 Iredell’s Dig’., 243, paragraph 45. In a re* cent work, in this State, entitled the “ History of a Law Suit,” 550, it is laid down to bo the correct practice. The proper practice is there set out with particularity.
This Court has said in the case of Cornwell, already cited, referring to Wynne vs. Spiers, 7 Hump., 407, that it is not a matter of course to set aside the probate of a Will for re-probate. If this were so, great mischief and confusion would be produced. Estates long settled up and distributed in many cases under Wills regularly proved in common form, would be called back, and titles to property disturbed and deranged to the great injury, often, of innocent persons. In A'iew of these serious consequences a good case should be prima facie made out, and that in a reliable form, before the solemn adjudication of the proper tribunal, even in common form, in favor of a Will, should be disturbed. Titles to real, .as well a sper-sonal estate, are put at hazard by these contests. But it is important for the rights of those entitled to property by succession and inheritance, on the just and equal rules of the Statutes of descents and distribution, that in' all proper cases, Wills should be open to contest, and unsol-emn probates set aside, for that purpose. It is not, however, requiring too much of those who allege that a wrong has been done them in a recorded probate under the forms of law, to verify, the truth of these allegations against it by affidavit.
But, in this case, the party was too late in making the *478 objection. This should have been done in the County Court when appearance was made in obedience to tbe summons or citation. Instead of that, a. motion was made to dismiss the petition upon another and insufficient ground, and on the failure of which, an answer was filed, and this objection made for the first time in the Circuit Court. That Court did right, then, to overrule the motion, and ordering an issue devisavit vel non to be made up. And the appeal from that ruling must fail here.
So, the judgment of the Circuit Court will be affirmed, and the cause remanded for issue and trial.